UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ODSON LAGUERRE
(A-Number: 244-573-782),

Petitioner,

v.

WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY,

Respondent.

No. 1:26-cv-05333-KES-CDB (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

Docs. 1, 14

Petitioner Odson Laguerre is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 13, 2026, the assigned magistrate judge issued findings and recommendations recommending granting the petition. Doc. 15. The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven days after service. The parties were advised that failure to file objections within the specified time may result in the waiver of rights. Doc. 15 at 12. Respondent timely filed an objection to the findings and recommendations, stating respondent objected "for the reasons given in its opposition and subsequent response" to the petition. Doc. 16 at 1. In its opposition and subsequent response, respondent argued that petitioner was paroled into the United States and

remained subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Doc. 7. Respondent does not otherwise meaningfully address the magistrate judge's findings and recommendations. Doc. 16.

In accordance with 28 U.S.C. § 636(b)(1), the Court reviewed the matter de novo. Having carefully reviewed the file, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

The Court ORDERS:

1. The findings and recommendations, Doc. 15, are ADOPTED in full.
2. The petition for writ of habeas corpus, Doc. 1, is GRANTED.
3. Respondents are ORDERED to provide Petitioner with a bond hearing before a neutral decisionmaker within seven (7) days that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), at which:
    a. "the government must prove by clear and convincing evidence that [petitioner] is a flight risk or a danger to the community to justify denial of bond," *Singh*, 638 F.3d at 1203, and
    b. the immigration judge should consider petitioner's financial circumstances or alternative conditions of release in the event petitioner is determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond.
4. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' notice before the bond hearing in a language that he can understand.
5. Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' notice before the bond hearing.
6. Petitioner's motion for temporary restraining order, Doc. 14, is DENIED as moot.

///

7. The Clerk of Court is directed to terminate any pending motions, close this case, and enter judgment for petitioner

8. The Clerk is directed to serve Central Valley Annex with a copy of this Order.

IT IS SO ORDERED.

Dated: October 26, 2026

UNITED STATES DISTRICT JUDGE